DUANE MORRIS LLP
Gregory P. Gulia (GG 4215)
Christina S. Kim (CK 6392)
380 Lexington Avenue
New York, New York 10168
(212) 692-1000

William F. Harris
968 Postal Road, Suite 200
Allentown, PA 18109
(610) 266-3669

*Attorneys for Plaintiff Tiny Tot Sports, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ X
TINY TOT SPORTS, INC.                  :
                                       :
                    Plaintiff,         :
                                       :    04 CV 4487 (DLC)
         -against-                     :
                                       :
SPORTY BABY, LLC, AND                  :    **RESPONSE TO DEFENDANTS'**
SMALL FRY PRODUCTIONS,                 :    **STATEMENT OF UNDISPUTED**
                                       :    **FACTS PURSUANT TO LOCAL**
                    Defendants.        :    **RULE 56.1**
------------------------------------------------X

Pursuant to Rule 56.1 of the Local Civil Rules for the Southern District of New York, plaintiff Tiny Tot Sports, Inc. ("Tiny Tot" or "Plaintiff") submits this response to the Local Rule 56.1 Statement submitted by defendant Sporty Baby, LLC ("Sporty Baby") and Small Fry Productions ("Small Fry") (collectively the "Defendants").

1. Denied. Tiny Tot is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 1 and therefore denies same.

2. Denied. Tiny Tot is without knowledge information sufficient to form a belief as to the truth of the averments in Paragraph 2 and therefore denies same.

3. Admit.

4.	Denied. Sporty Baby has failed to adhere to the requirements of Local Rule 56.1 and provide a citation to evidence which would be admissible under the Federal Rule of Civil Procedure 56(e) in support of this statement. Tiny Tot therefore denies same. Furthermore, Tiny Tot respectfully notes that the only evidence of record regarding any statements made during the August 27th preliminary trial conference is the following statement issued by Judge Cote during the TRO hearing held on February 17, 2004:

> At our initial conference in August, August 27th, there were representations made to me by the defendant with respect to when it first learned about the plaintiff's activities and its development of the titles before learning of the plaintiff's activities. That would no longer seem to be valid based on what I have heard today.
>
> So, it may be that the plaintiff will be able to show bad faith on the part of defendant

*See* Transcript of TRO Hearing (February 17, 2005) p. 5 and Harris Declaration ¶ 10.

5.	Denied. Tiny Tot respectfully refers to the cited trademark applications for the true and correct contents thereof.

6.	Denied. Tiny Tot respectfully refers to the cited office actions for the true and correct contents thereof.

7.	Denied. Tiny Tot is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 7 and therefore denies same. However, Tiny Tot respectfully notes that United States Patent and Trademark Office's website, which is publicly accessible on the internet at www.uspto.gov, does not indicate that the trademarks applications referenced in Paragraph 7 have been abandoned.

8.	Denied. Tiny Tot respectfully refers to the cited trademark applications for the true and correct contents thereof.

9.	Denied. Tiny Tot respectfully refers to the cited trademark applications for the true and correct contents thereof.

10.	Denied. Tiny Tot respectfully refers to the cited office actions for the true and correct contents thereof.

11.	Denied. Paragraph 11 states a legal conclusion to which no further response is required.

12.	Denied. Tiny Tot respectfully refers to the cited documents for the true and correct contents thereof.

13.	Denied. Paragraph 11 states a legal conclusion to which no further response is required.

14.  Denied. Tiny Tot is without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14 and therefore denies same.

15.  Admit.

16.  Denied. *See* Daddona Declaration in Support of Plaintiff's Application for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction ¶ 27; Kim Declaration in Support of Plaintiff's Memorandum of Law in Opposition to Defendants' Motions for Summary Judgment and to Vacate the Temporary Restraining Order ¶ 7.

Dated: April 8, 2005

DUANE MORRIS LLP

By: *[signature]*

Gregory P. Gulia (GG 4215)
Christina S. Kim (CK 6392)
380 Lexington Avenue
New York, New York 10168
(212) 692-1000

William F. Harris
968 Postal Road, Suite 200
Allentown, PA 18109
(610) 266-3669

Attorneys for Plaintiff
Tiny Tot Sports, Inc.