DUANE MORRIS LLP
Gregory P. Gulia (GG 4215)
Christina S. Kim (CK 6392)
380 Lexington Avenue
New York, New York 10168
(212) 692-1000

William F. Harris
968 Postal Road, Suite 200
Allentown, PA 18109
(610) 266-3669

*Attorneys for Plaintiff Tiny Tot Sports, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| TINY TOT SPORTS, INC., <br>             Plaintiff, <br><br> v. <br><br> SPORTY BABY, LLC and SMALL FRY PRODUCTIONS, <br>             Defendants. | No. 04 CV 4487 (DLC) |

## PLAINTIFF TINY TOT SPORTS, INC.'S
## NOTICE OF MOTION TO REOPEN DISCOVERY

PLEASE TAKE NOTICE that upon the annexed memorandum of law and exhibits annexed hereto, plaintiff Tiny Tot Sports, Inc. will move this Court before the Honorable Judge Denise L. Cote at the United States District Court of the Southern District of New York, 500 Pearl Street, Room 1040, New York, New York, on May 31, 2005 at 9:30 a.m. or as soon thereafter as counsel can be heard, for an order granting plaintiff's motion to reopen discovery pursuant to Rule 6(b) of the Federal Rules of Civil Procedure.

Dated: New York, New York        Respectfully submitted,
      May 6, 2005

                                        DUANE MORRIS LLP

                                        By: _____
                                        Gregory P. Gulia (GG 4215)
                                        Christina S. Kim (CK 6392)
                                        380 Lexington Avenue
                                        New York, NY 10168
                                        (212) 692-1000

                                        William F. Harris, Esq.
                                        968 Postal Road, Suite 200
                                        Allentown, PA 18109
                                        (610) 266-3650

                                        *Attorneys for Plaintiff Tiny Tot Sports, Inc.*

NY\280904.1

DUANE MORRIS LLP
Gregory P. Gulia (GG 4215)
Christina S. Kim (CK 6392)
380 Lexington Avenue
New York, New York 10168
(212) 692-1000

William F. Harris
968 Postal Road, Suite 200
Allentown, PA 18109
(610) 266-3669

*Attorneys for Plaintiff Tiny Tot Sports, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TINY TOT SPORTS, INC., <br> Plaintiff, <br><br> v. <br><br> SPORTY BABY, LLC and SMALL FRY PRODUCTIONS, <br> Defendants. | No. 04 CV 4487 (DLC) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF
<u>TINY TOT SPORTS, INC.'S MOTION TO REOPEN DISCOVERY</u>**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, plaintiff Tiny Tot Sports, Inc. ("Tiny Tot" or "plaintiff"), through its counsel Duane Morris LLP, hereby respectfully submits this memorandum of law in support of its motion to reopen discovery.

## I. BACKGROUND

The Court issued a Pretrial Scheduling Order on August 27, 2004 ("Scheduling Order") which required the parties to conclude fact discovery by February 25, 2005. Since the issuance of the Scheduling Order, defendants Sporty Baby, LLC ("Sporty Baby") and Small Fry Productions ("Small Fry") (collectively as "defendants") have produced a mere 25 pages of documents as part of its Rule 26(f) initial disclosures, and have not produced a single document in response to plaintiff's document requests, which were served on November 12, 2004. See Declaration of Christina S. Kim in Support of at ¶¶ 3-4 ("Kim Decl."). Not only did defendants fail to produce any responsive documents, but defendants withheld information concerning the joint collaboration between The Brainy Baby Company, LLC ("Brainy Baby") and defendants to collectively market, distribute and sell defendant Sporty Baby's line of sports-themed videos for children bearing plaintiff's trademarks.

During the beginning of February 2005, plaintiff received an advanced publication periodical sent to market professionals, expected attendees and exhibitors of the American International TOY FAIR™ 2005 ("TOY FAIR™ 2005) that included a press release announcing The Brainy Baby Company, LLC ("Brainy Baby") and defendants' plan to introduce and offer for sale videos and DVD's bearing plaintiff's trademarks. See Declaration of Jack Daddona, Jr. In Support Of Plaintiff's Application For A Temporary Restraining Order at ¶¶ 9-10 ("Daddona TRO Decl."). The TOY FAIR™ 2005 was to be held at the Javits Convention Center from February 20-23, 2005. Id. Upon learning of Brainy Baby's recent collaboration with defendants to introduce defendant Sporty Baby's infringing videos, on February 17, 2005, plaintiff was

2

forced to bring its Motion for Temporary Restraining Order and Preliminary Injunction against defendants and The Brainy Baby Company, LLC, in which this Court granted the TRO against defendants and Brainy Baby. Defendants and Brainy Baby's joint collaboration was further demonstrated at TOY FAIR 2005, where Brainy Baby and defendants shared the same booth and jointly promoted defendant Sporty Baby's line of videos.

## II.   ARGUMENT

As of the date of this motion, defendants still have not provided a single document beyond its 25 pages of documents relating to its 26(f) initial disclosures obligations. See Kim Decl. at ¶ 4. Pursuant to Rules 26(a) and (e) of the Federal Rules of Civil Procedure, defendants have an affirmative "duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Defendants' utter failure to respond to plaintiff's document requests and to supplement its initial disclosures has prevented plaintiff's ability to adequately conduct discovery within the timeframe originally set forth by the Court. See Kim Decl. at ¶ 4

While plaintiff does not dispute the Scheduling Order's February 25, 2005 deadline for the completion of fact discovery, plaintiff respectfully submits that the prior Scheduling Order was issued months before the occurrence of the significant events leading up the TRO hearing on February 17, 2005. Plaintiff first learned that defendants had teamed up with Brainy Baby to promote defendant Sporty Baby's line of videos bearing plaintiff's trademarks only days before plaintiff was forced to bring its TRO motion. See Daddona TRO Decl. at ¶¶ 9-10. Notably, defendants' failure to produce any responsive documents and to supplement its initial disclosures

3

regarding Brainy Baby's involvement greatly prejudiced plaintiff's ability to meet the discovery deadline initially set forth by the Court. Despite plaintiff's repeated requests for responsive documents in multiple phone conversations and letters, defendants refused to produce any documents. See Kim Decl. at ¶ 5. Moreover, defendants' counsel informed plaintiff's counsel that defendants did not have any other responsive documents, which is clearly untrue. See Kim Decl. at ¶ 5. As a result, plaintiff was not afforded adequate time to amend its complaint to add Brainy Baby and conduct the necessary discovery regarding Brainy Baby.

Plaintiff has good cause to support the reopening of discovery because plaintiff's ability to present its case will be seriously prejudiced unless discovery is reopened to permit plaintiff to complete discovery on the nature and extent of Brainy Baby's participation and involvement in the acts alleged in plaintiff's Complaint.

### III. CONCLUSION

For all the foregoing reasons, Plaintiff's motion to re-open discovery should be granted.

Dated: New York, New York  
May 6, 2005

Respectfully submitted,

DUANE MORRIS LLP

By: _____  
Gregory P. Gulia (GG 4215)  
Christina S. Kim (CK 6392)  
380 Lexington Avenue  
New York, NY 10168  
(212) 692-1000

William F. Harris, Esq.  
968 Postal Road, Suite 200  
Allentown, PA 18109  
(610) 266-3650

*Attorneys for Plaintiff Tiny Tot Sports, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and complete copy of the foregoing Plaintiff's Notice of Motion to Re-Open Discovery, Plaintiff's Memorandum of Law In Support of Plaintiff Tiny Tot Sports, Inc.'s Motion to Reopen Discovery and Declaration of Christina S. Kim In Support of Plaintiff's Memorandum of Law In Support of Plaintiff Tiny Tot Sports, Inc.'s Motion to Re-Open Discovery was served upon Defendants' counsel by electronic service and courtesy copy delivered by first class mail this 6th day of May, 2005:

Steven M. Kaplan, Esq.
Kaplan & Levenson, LLP
630 Third Avenue
New York, NY  10017

_____
Christina S. Kim

NY\280909 1

5

DUANE MORRIS LLP
Gregory P. Gulia (GG 4215)
Christina S. Kim (CK 6392)
380 Lexington Avenue
New York, New York 10168
(212) 692-1000

William F. Harris
968 Postal Road, Suite 200
Allentown, PA 18109
(610) 266-3669

*Attorneys for Plaintiff Tiny Tot Sports, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TINY TOT SPORTS, INC.                           :      04 CV 4487 (DLC)
                                                :
                                                :
                        Plaintiff,              :
                                                :
        -against-                               :
                                                :
SPORTY BABY, LLC and SMALL FRY                  :
PRODUCTIONS,                                    :
                        Defendants.             :
-----------------------------------------------------------x

## DECLARATION OF CHRISTINA S. KIM IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REOPEN DISCOVERY

I, **CHRISTINA S. KIM**, under penalty of perjury, do hereby declare:

1.   I am an associate at Duane Morris, LLP, and I am admitted to practice law in the State of New York and before this Court. Along with my colleagues Gregory P. Gulia and William F. Harris, I represent plaintiff Tiny Tot Sports, Inc. ("plaintiff" or "Tiny Tot") in this action. Unless otherwise stated, I have personal and first-hand knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would testify competently hereto.

2.   I submit this declaration in support of plaintiff's memorandum in support of

plaintiff Tiny Tot Sports, Inc.'s motion to reopen discovery.

3. On October 11, 2004, plaintiff received 25 pages of documents from defendants Sporty Baby and Small Fry Productions as part of its Rule 26(f) initial disclosures. On November 12, 2004, plaintiff served its First Set of Document Requests to defendants.

4. As of May 6, 2005, defendants have not produced one single page of documents in response to plaintiff's First Set of Document Requests. Moreover, defendants have not supplemented their initial disclosures to provide any information regarding The Brainy Baby Company, LLC's collaboration with defendants to promote, market and sell defendant Sporty Baby's videos bearing plaintiff's trademarks.

5. Plaintiff's counsel requested defendants' counsel to produce responsive documents in multiple phone calls and a letter dated February 16, 2005, in which plaintiff's counsel noted that defendants had only produced 25 pages of documents as part of defendants' initial disclosures. Still, defendants failed to produce any documents. Shockingly, defendants' counsel Ashima Aggarwal informed us that her clients' position was there were no other responsive documents.

6. Should discovery be reopened, plaintiff intends to work with defendants to try to consensually resolve these outstanding discovery matters.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
May 6, 2005

Christina S. Kim

2

NY\280934 1

3